# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 18, 2013

Lyle W. Cayce
Clerk

No. 12-31178
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RABBANI W. SALEEM, also known as Robert W. Brown,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-53-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rabbani W. Saleem was convicted by a jury of two counts of being a felon in possession of a firearm. As to both counts, Saleem was sentenced to a total of 33 months of imprisonment and three years of supervised release. Saleem contends that the evidence failed to establish that he "ever exercised possession, dominion or control over a firearm" on the dates alleged in the superseding indictment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Saleem moved for a directed verdict based on insufficient evidence at the close of the Government's case, but did not renew his motion at the close of all the evidence. Therefore, the sufficiency of the evidence is reviewed for a manifest miscarriage of justice. *See United States v. Salazar*, 542 F.3d 139, 142 (5th Cir. 2008). This court will reverse only if "the record is devoid of evidence of guilt or . . . the evidence is so tenuous that a conviction is shocking." *Id.* (internal quotation marks and citation omitted). To convict a defendant of the offense of felon in possession of a firearm, the Government must prove beyond a reasonable doubt that the defendant previously was convicted of a crime punishable by imprisonment for a term exceeding one year, that he possessed a firearm, and that the firearm traveled in or affected interstate commerce. *See* 18 U.S.C. § 922(g)(1). Saleem stipulated to being a convicted felon and that the firearm traveled in or affected interstate commerce. Thus, the only issue at trial, as well as on appeal, was the element of possession.

The record is not devoid of evidence establishing Saleem's guilt. Agent Steve McKanna testified that he observed Saleem pointing a firearm at another individual on April 26, 2011. Similarly, Larry Myles testified that Saleem pointed a firearm at him on November 23, 2011. In both instances, Saleem had actual possession of the firearm. *See United States v. Jones*, 484 F.3d 783, 787 (5th Cir. 2007). To the extent Saleem challenges the sufficiency of the evidence by attacking the Government's witnesses' credibility, his argument is without merit. *See United States v. Polk*, 56 F.3d 613, 620 (5th Cir. 1995). When viewed in the light most favorable to the jury's verdict, the evidence is sufficient to uphold Saleem's convictions for felon in possession of a firearm. *See Salazar*, 542 F.3d at 142-43. Accordingly, the judgment of the district court is AFFIRMED.